IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CAMMAROTA, a Minor, by | : | CIVIL ACTION |
| AMY LYNN HALLOCK, Guardian, | : | |
| and AMY LYNN HALLOCK, | : | |
| Individually | : | |
| | : | |
| v. | : | |
| | : | |
| SMITHKLINE BEECHAM | : | |
| CORPORATION d/b/a | : | |
| GLAXOSMITHKLINE | : | NO. 13-3677 |

**MEMORANDUM**

Padova, J.                                                                                              September 9, 2013

      Plaintiffs Joseph Cammarota and his mother, Amy Lynn Hallock, brought this action against Defendant GlaxoSmithKline ("GSK") in the Court of Common Pleas of Philadelphia County, alleging that Hallock's use of Paxil, a prescription antidepressant manufactured by GSK, while she was pregnant caused her son Joseph's critical heart defect, which required heart surgery. GSK removed the case to this Court on June 26, 2013. Before the Court is Plaintiffs' Motion to Remand. We held a Hearing on the Motion on August 8, 2013. For the reasons that follow, the Motion is granted.

**I.      BACKGROUND**

      This case has an unusually complicated procedural history. It was originally filed in the Court of Common Pleas of Philadelphia County on September 30, 2011, as part of that Court's Paxil Pregnancy Mass Tort Program, In re Paxil Pregnancy Cases, February Term 2007, No. 3220 (Phila. Cnty. Court of Common Pleas). See Notice of Removal ¶ 1, Cammarota v. SmithKline Beecham Corp., Civ. A. No. 11-6642 (E.D. Pa. Oct. 24, 2011). Defendant removed the case to this Court on October 24, 2011. Id. Plaintiffs filed a Motion to Remand to the Court

of Common Pleas of Philadelphia County on October 26, 2011, on the ground that the removal was improper pursuant to 28 U.S.C. § 1441(b) because GSK, a Delaware limited liability company, has its principal place of business in Philadelphia and because GlaxoSmithKline Holdings (Americas) ("Holdings"), GSK's sole member, has no corporate headquarters or nerve center in Delaware, making GSK a Pennsylvania citizen for purposes of subject matter jurisdiction. See Plaintiffs' Mem. in Support of Mot. to Remand at 2-3, Cammarota, Civ. A. No. 11-6642 (E.D. Pa. Oct. 26, 2011). The plaintiffs in other actions that had originally been brought against GSK in the Paxil Pregnancy Mass Tort Program, and which Defendant had likewise removed to this Court, also moved to remand on the same basis. On November 8, 2011, this action was consolidated with other Paxil Pregnancy cases before the Honorable Timothy J. Savage for the purpose of deciding their identical Motions to Remand.[1] Order, Cammarota, Civ. A. No. 11-6642 (E.D. Pa. Nov. 8, 2011).

On December 14, 2011, Judge Savage granted the Motions to Remand in the consolidated cases. See Mem. Op. at 2, Cammarota, Civ. A. No. 11-6642 (E.D. Pa. Dec. 14, 2011). Utilizing the nerve center test announced in Hertz Corp. v. Friend, 559 U.S. 77 (2010), and the citizenship test established in Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412 (3d Cir. 2010), Judge Savage determined that Holdings' nerve center is in Pennsylvania, where its principal place of business is located and, therefore, GSK is a Pennsylvania citizen for

---

[1] The actions that were assigned to Judge Savage for the purpose of deciding Motions to Remand include the following: Austin Staley, a minor, by Salle Miller, Guardian and Salle Miller, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Civ. A. No. 11-6641 (E.D. Pa.); Isabella Cintao, a minor, by Maria Pino and Tomas Cintao, Guardians and Maria Pino and Tomas Cintao Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Civ. A. No. 11-6643 (E.D. Pa.); Kaylea Guddeck, a minor, by Julie Guddeck, Guardian, and Julie Guddeck, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Civil A. No. 11-6645 (E.D. Pa.); and Mikayla Nieman, a minor, by Elaine Nieman, Guardian, and Elaine Nieman, Individually v. SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline, Civ. A. No. 11-4458 (E.D. Pa.).

jurisdictional purposes and cannot remove a case from Pennsylvania state court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). Id. at 1-2, 6. This case was thus remanded to the Court of Common Pleas of Philadelphia County on December 14, 2011. See Order, Cammarota, Civ. A. No. 11-6642 (E.D. Pa. Dec. 14, 2011).

Plaintiffs and GSK have actively litigated this case as part of the Paxil Pregnancy Mass Tort Program since it was remanded. Prior to Defendant's June 26, 2013 removal, the trial of this action was scheduled for November 2013, in the Court of Common Pleas of Philadelphia County. (8/8/13 Hr'g Tr. at 36, 38.) The parties completed discovery prior to removal, but had not filed dispositive motions or motions with respect to the admissibility of their experts' opinions. (Id. at 36.)

On June 7, 2013, in Johnson v. SmithKline Beecham Corp., -- F.3d --, 2013 WL 2456043 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit, utilizing the nerve center test, determined that Holdings' principal place of business is in Delaware, and that neither GSK nor Holdings is a Pennsylvania citizen. Id. at *14, *17. The Third Circuit concluded that GSK could, therefore, properly remove an action brought against it from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania pursuant to this Court's diversity jurisdiction. Id. at *1, *17.

Nineteen days later, on June 26, 2013, GSK removed this action for the second time. (See 6/26/13 Notice of Removal.) Plaintiffs filed the instant Motion to Remand on June 28, 2013. We held a Hearing on the Motion on August 8, 2013.

## II. LEGAL STANDARD

Defendant removed this action pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original

3

jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "'Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court,' pursuant to § 1332(a) of Title 28 of the United States Code, and thus 'a state court case that implicates diversity jurisdiction' may generally be removed . . . ." Johnson, 2013 WL 2456043, at *6 (quoting Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996)). However, a case that is otherwise removable based on diversity jurisdiction may not be removed if any of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Diversity of citizenship must have existed at the time the complaint was filed and at the time of removal . . . ." Johnson, 2013 WL 2456043 at *6 (citing Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003); and Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)). The removing party has the burden of establishing federal jurisdiction. Id. (citing Abels, 770 F.2d at 29). "'Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.'" Id. (quoting Brown, 75 F.3d at 864-65).

The procedure for removal is provided in 28 U.S.C. § 1446. We apply the version of § 1446 that was in effect prior to the 2011 amendments to that statute.[2] Section 1446 provides that a defendant seeking to remove a civil action shall file a notice of removal in the United States district court for the "district and division in which such action is pending." 28 U.S.C. § 1446(a).

---

[2]The 2011 amendments to § 1446 were part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Because this action was commenced in state court prior to the January 6, 2012 effective date of the Act, the amendments to § 1446 do not apply to this case. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, 764-65.

A defendant must file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The second paragraph of § 1446(b) also provides for later removal of an action that was not initially removable:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Id..

Plaintiffs have moved to remand this action pursuant to 28 U.S.C. § 1447. Section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

### III. DISCUSSION

This action was removed more than one year after it was commenced in state court. Plaintiffs argue that was thus unremovable in accordance with the second paragraph of § 1446(b) and that it should be remanded to the Court of Common Pleas of Philadelphia County. Defendant contends that this case should not be remanded because the one-year limitation on removal does not apply to the June 26, 2013 removal of this case.

    A.    <u>The Applicability of the Second Paragraph of Section 1446(b)</u>

        1.    <u>Whether the case stated by the initial pleading was removable</u>

The second paragraph of § 1446(b), including the one-year limitation on removal, only applies "[i]f the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

5

Accordingly, we look to the initial pleading in this case, Plaintiff's 2011 Short Form Complaint, to see if the case as stated is removable. The Short-Form Complaint alleges that Plaintiffs are residents of Wayne, New Jersey. Short-Form Complaint ¶ 2, <u>Joseph Cammarota, a Minor, by Amy Lynn Hallock, Guardian and Amy Lynn Hallock, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline</u>, September Term 2011, No. 003694 (Phila. Cnty. Court of Common Pleas). The Short-Form Complaint does not contain any factual allegations concerning Defendant's citizenship. The General Master Long-Form Complaint filed in 2007 in the Paxil Pregnancy Mass Tort Program alleges that GSK is a Pennsylvania corporation and hence a citizen of Pennsylvania for jurisdictional purposes.[3] Thus, the allegations of the initial pleading did not indicate that this case was removable. <u>See</u> 28 U.S.C. § 1441(b)(2). Moreover, as we noted earlier, on December 14, 2011, Judge Savage determined that this case was not removable, and that determination is not reviewable. <u>See</u> Mem. Op. at 2, <u>Cammarota</u>, Civ. A. No. 11-6642 (E.D. Pa. Dec. 14, 2011); <u>see also</u> 28 U.S.C. § 1447(d) ("[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .").[4] We thus conclude, for the purposes of § 1446(b), that the case stated by the initial pleading was not

---

[3]The General Master Long-Form Complaint provides that all allegations pled therein are deemed pled in any Short-Form Complaint filed thereafter as part of the Paxil Pregnancy Mass Tort Program. General Master Long-Form Complaint ¶ 1, <u>In re Paxil Pregnancy Cases</u>, February Term 2007, No. 3220 (Phila. Cnty. Court of Common Pleas).

[4]This is true even where the decision to remand was made in error. <u>Kircher v. Putnam Funds Trust</u>, 547 U.S. 633, 642 (2006) (stating that where the remand order "'is based on one of the [grounds enumerated in 28 U.S.C. § 1447(c)], review is unavailable no matter how plain the legal error in ordering the remand.'" (alteration in original) (quoting <u>Briscoe v. Bell</u>, 432 U.S. 404, 413-14 n.13 (1977))).

removable at the time it was commenced in state court, therefore triggering the potential application of the one-year limitation period.[5]

    2.  Whether the second paragraph of § 1446(b) authorizes the second removal of this action

The question remains, however, whether this case can be removed again as § 1446 does not specifically provide a procedure for the second removal of an action that has been previously remanded. GSK argues that we may find authority for such a second removal in Doe v. American Red Cross, 14 F.3d 196 (3d Cir. 1993). In Doe, the Third Circuit considered the consolidated interlocutory appeals of plaintiffs who had unsuccessfully moved to remand negligence actions brought against the Red Cross, after those actions were removed from state court by the Red Cross for the second time. Id. at 198.

The plaintiffs in Doe commenced their negligence actions against the Red Cross in state court. Id. at 198. The Red Cross removed those actions on the ground that its federal charter conferred original jurisdiction on the federal courts. Id. at 199. The district court disagreed, and remanded the actions to state court. Id. The United States Supreme Court later considered that issue in American Nat'l Red Cross v. S.G., 505 U.S. 247 (1992), and specifically held that the "sue and be sued" provision of the Red Cross's Charter "suffices to confer federal jurisdiction."

---

[5]We respectfully acknowledge that our learned colleagues, the Honorable Harvey Bartle, III, the Honorable Mary A. McLaughlin, and the Honorable Ronald L. Buckwalter, have reached a different conclusion regarding whether the second paragraph of § 1446(b) applies. See Guddeck v. SmithKline Beecham Corp., Civ. A. No. 13-3696, 2013 WL 3833252, at *5 (E.D. Pa. July 24, 2013); Order, A. S., a minor, by Salle Miller, Guardian and Salle Miller, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Civ. A. No. 13-3684 (July 26, 2013); Mem., I. C., a minor, by Maria Pino and Tomas Cintao, Guardians and Maria Pino and Tomas Cintao Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Civ. A. No. 13-3681 (Aug. 7, 2013); Order, M.N., a Minor, by Elaine Nieman, Guardian, and Elaine Nieman, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmith Kline, Civ. A. No. 13-3695 (Aug. 7, 2013). For the reasons stated herein, we have reached a different result in this case.

Id. at 257. Less than thirty days after the Supreme Court's Order in S.G., the Red Cross removed the Doe actions a second time, arguing that "S.G. constituted an 'order or other paper' making the action one which has become removable" pursuant to § 1446(b). Doe, 14 F.3d at 199. The Doe plaintiffs filed a second motion for remand, which the district court denied, holding that "S.G. constituted an 'order or other paper' authorizing the Red Cross to remove the action to federal court." Id. (citation omitted). The Doe plaintiffs then filed their interlocutory appeals. Id.

The Third Circuit first determined that the Red Cross's second removal was not an appeal of, or request for review of, the district court's previous remand order because the Red Cross removed for the second time on a basis different from its first removal (specifically, its second removal was based on S.G.). Id. at 200. The Third Circuit then affirmed the decision of the district court, concluding that although the Supreme Court's decision in S.G. that the Red Cross's charter conferred federal jurisdiction occurred in a different case, it still constituted an order or other paper justifying the removal of Doe, a case that was not initially removable, pursuant to the second paragraph of § 1446(b). Id. at 202-03. The Third Circuit explained that the order in S.G. was sufficiently related to Doe as to constitute an order pursuant to the second paragraph of § 1446(b) because S.G. "came from a court superior in the same judicial hierarchy, was directed at [that same] defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." Id. at 203 (footnote omitted).

We agree with GSK that Doe provides authority for the second removal of this action. In this case, as in Doe, the district court found that the case stated by the initial pleading was not removable. Like Doe, GSK's June 26, 2013 removal of this action is not a request for review of

8

the district court's previous remand order because GSK removed for the second time on the basis of Johnson. Again, as in Doe, "a court superior in the same judicial hierarchy . . . in another case involving similar facts and legal issues," in this case the Third Circuit in Johnson, issued an order expressly authorizing GSK "to remove an action against it." Id. We conclude, accordingly, that the second paragraph of § 1446(b), which permits removal of a case that was not initially removable, within thirty days after receipt of an "order or other paper from which it may first be ascertained that the case is one which is or has become removable," provides the applicable procedure for the removal of this action. 28 U.S.C. § 1446(b). Consequently, we must next determine whether GSK's removal of this action is barred by the one-year limitation contained in the second paragraph of § 1446(b).

B.  The Applicability of the One-Year Limitation

GSK contends that, even if we determine that the second paragraph of § 1446(b) applies to its June 26, 2013 removal of this action, we should nonetheless deny the Motion to Remand because there is an equitable exception to the one-year limitation on removals contained in the paragraph that applies in this case.[6] The Third Circuit has determined that the one-year limit on removal is a procedural bar, not a jurisdictional one. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003) (stating that "failure to remove within the one-year time limit established by § 1446(b) is not a jurisdictional defect"). "The practical effect of this holding is to open the door to an examination of equitable considerations in deciding whether to allow exceptions to the one year limitation on removal." Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 364 (E.D. Pa. 2009).

---

[6]We note that while courts in this circuit have "applied an equitable estoppel exception to prevent plaintiffs from unfairly taking advantage of the one-year limitation," courts in other circuits have "declined to make any exceptions." 16 James Wm. Moore, et al., Moore's Federal Practice, § 107.30(3)(a)(iii) (3d ed. 2013).

9

Courts generally consider the following factors in determining whether the equitable exception applies: "first, how vigorously the plaintiff prosecuted the action in state court; second, whether the defendants were complicit in any delay in removal of the case; and third, whether or not plaintiffs' joining of [any] non-diverse defendants amounted to 'flagrant forum manipulation.'" Id. (citing Namey v. Malcolm, 534 F. Supp. 2d 494, 498 (M.D. Pa. 2008); Lee v. Carter–Reed Co., Civ. A. No. 06–1173, 2006 WL 3511160, at *5 (D.N.J. Dec. 5, 2006); and In re Diet Drugs Prods. Liab. Litig., Civ. A. No. 03–20376, 2004 WL 1535806, at *4 (E.D. Pa. June 18, 2004)). In considering these three factors, we place the responsibility of establishing that the equitable exception is warranted on the party seeking the equitable exception, GSK in this case, since it is that party which seeks to avoid the otherwise-applicable one-year limitation period. See id. at 364-65. Moreover, principles of federalism and comity lead us to construe the equitable exception narrowly, thereby giving "[d]ue regard for the rightful independence of state governments" and preserving the constitutional power of the states to "provide for the determination of controversies in their courts." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (citations omitted).

Of the three factors set forth above, the only one that GSK could even arguably assert in favor of finding an equitable exception to the one-year limitation is the second: GSK was not complicit in any delay in removal of the case.[7] However, we do not believe that a defendant's lack of complicity should play any meaningful role in our equitable analysis. While it is obvious that a defendant's claim to an equitable exception to the one-year limitation period is much weaker when it has itself contributed to the removal delay, it simply does not follow that a defendant's lack of responsibility for any delay gives it a stronger claim to an equitable

---

[7] In this regard, we note that GSK could not have removed this case prior to June 7, 2013, because the question of GSK's citizenship was still pending before the Third Circuit in Johnson.

exception. Indeed, courts have generally found a defendant's conduct to be relevant only where the defendant was complicit in the delay and, as a result, was not entitled to take advantage of any equitable exception to the one-year limitation period. See, e.g., Corinthian Marble & Granite, Inc. v. T.D. Bank, N.A., Civ. A. No. 12-3744, 2013 WL 272757, at *6 (E.D. Pa. Jan. 24, 2013) (granting remand where the defendant's inaction contributed to the delay); Samii v. Allstate Ins., Civ. A. No. 10-2408, 2010 WL 3221924, at *1 (E.D. Pa. Aug. 12, 2010) ("Defendant was content to let the action sit, and thereby lost the opportunity to remove it to federal court."); Namey, 534 F. Supp. 2d at 498 (granting motion to remand because, among other reasons, the defendants were "partly responsible for the delay in proceedings in state court and did not use all procedural devices available to facilitate compliance with the one-year requirement of § 1446(b)"). In contrast, GSK has pointed to no case in which a defendant's lack of complicity was found to support an equitable exception. Therefore, while we recognize that GSK was not complicit in the removal delay in this case, we conclude that this fact is merely neutral, and neither favors nor disfavors an equitable exception.[8]

Furthermore, the other two factors set forth in the Oil Field Cases weigh against granting an equitable exception. As noted above, the first factor is whether the plaintiffs have vigorously prosecuted their case in state court. Congress explained when it amended § 1446 to create the one-year limitation on removal, that its goal was to "reduc[e] the opportunity for removal after substantial progress has been made in state court" because "[r]emoval late in the proceedings may result in substantial delay and disruption." H.R. Rep. No. 100-889 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33. For one and one-half years prior to the second removal of

---

[8]Even if GSK's lack of complicity were to weigh in favor of removal, it would do so only weakly and would be well outweighed by the other relevant equitable factors, which we discuss below and which strongly disfavor removal.

this case, Plaintiffs have vigorously prosecuted this case as part of the Paxil Pregnancy Mass Tort Program. For the past six years, the judges in the Mass Tort Program have uniformly ruled on discovery issues in hundreds of cases like this one. (8/8/13 Hr'g Tr. at 4-5.) Moreover, many of the scientific issues that have arisen in this case have already been litigated in the Mass Tort Program and may have to be relitigated if this case is not remanded. (Id. at 5, 28.) Plaintiffs have expressed particular concern that, if this case is not remanded, GSK will revisit issues that have been resolved in the Mass Tort Program, but for which no written order was entered in the docket of this case. (Id. at 6-7.)

In addition, Plaintiffs have prepared their case using expert testimony and opinions that were formulated to meet the Pennsylvania state standard governing the admissibility of scientific testimony, the Frye standard. See Frye v. United States, 293 F. 1013 (D.C. Cir. 1923); see also Grady v. Frito-Lay, Inc., 839 A.2d 1038, 1045 (Pa. 2003) (stating that the "proponent of expert scientific evidence bears the burden of establishing all of the elements for its admission under Pa.R.E. 702, which includes showing that the Frye rule is satisfied"). Indeed, the opinions of some of those experts -- those concerning general causation -- have already have been found to satisfy the Frye standard in the Mass Tort Program. (8/8/13 Hr'g Tr. at 39, 42.) If we now permit removal, all of this expert testimony would be subject to the standard set forth in Daubert, a test with a different focus of inquiry. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). As a result, Plaintiffs would likely find it necessary to restructure their expert evidence to conform to the Daubert standard, which would cause significant expense and delay. Such delay and disruption is precisely what Congress amended § 1446 to prevent and, thus, the vigorous prosecution factor weighs heavily in favor of strict enforcement of the one-year limitation period.

Similarly, the third factor -- whether or not the plaintiffs' joining of any non-diverse defendants constituted flagrant forum manipulation -- weighs against the finding of an equitable exception to the one-year limitation on removal.[9] We recognize that the narrow language setting forth the third factor in the Oil Fields Cases is not directly applicable to the instant case because Plaintiffs did not name any non-diverse defendants in their complaint. We nevertheless look to the broader purpose of the factor and observe that its general aim, as established by case law, has been to consider whether the plaintiff has engaged in any fraud or forum manipulation. See, e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003) (concluding that the equitable exception to the one-year limitation applies "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction"); Ardoin v. Stine Lumber Co., 298 F. Supp. 2d 422, 428-29 (W.D. La. 2003) (concluding that the equitable exception to the one-year limitation applied where "plaintiffs attempted to manipulate the statutory rules for determining federal removal jurisdiction"); Morrison v. National Benefit Life Ins. Co., 889 F. Supp. 945, 951 (S.D. Miss. 1995) (denying plaintiffs' motion to remand because of their "obvious attempt to manipulate the forum"). No such fraud or manipulation has occurred here and, thus, the third factor weighs against finding an equitable exception to the one-year limitation on removal.

GSK argues that the balance of the equities weigh in its favor because it should have been permitted to remove this case to the federal court two years ago. However, § 1446(b) does not countenance our viewing the facts of this case through the prism of hindsight. Rather, we consider the factual circumstances of this case as it exists today and determine whether

---

[9]The importance of this factor is underscored by the 2011 amendment to § 1446, which added subsection (c), which states that the one-year limitation on removal stated in subsection (b) does not apply where "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

enforcement of the one-year limitation today would so offend the principles of equity as to warrant an exception. We cannot find that the balance of equities in this case weighs in favor of removal simply because removal should have been permitted two years ago.

After balancing the applicable equitable considerations, particularly the burdens that removal would place on Plaintiffs' prosecution of this action; whether GSK was complicit in the delay in removal; and the absence of fraud or manipulation on the part of Plaintiffs, we conclude that GSK has not satisfied its burden of establishing that an equitable exception to the one-year limitation on removal is warranted in this case. Significantly, this conclusion comports with the overriding principles of federalism and comity, which require us to construe the equitable exception narrowly.

**IV. CONCLUSION**

For the reasons stated above, we grant Plaintiff's Motion to Remand. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.