IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CAMMAROTA, a Minor, by AMY LYNN HALLOCK, Guardian, and AMY LYNN HALLOCK, Individually | : : : : | CIVIL ACTION |
| v. | : : | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : | NO. 13-3677 |

### MEMORANDUM

**Padova, J.**                                                             **December 12, 2013**

      Plaintiffs Joseph Cammarota and his mother, Amy Lynn Hallock, brought this action against Defendant GlaxoSmithKline ("GSK") in the Court of Common Pleas of Philadelphia County, alleging that Hallock's use of Paxil, a prescription antidepressant manufactured by GSK, while she was pregnant caused her son Joseph to develop a critical heart defect. GSK removed the case to this Court on June 26, 2013. Plaintiffs filed a Motion to Remand, which we granted on September 9, 2013. Before the Court is Defendant's Motion for Reconsideration of our Order granting Plaintiffs' Motion to Remand. For the reasons that follow, the Motion for Reconsideration is denied.

### I. BACKGROUND

      Plaintiffs filed this case in the Court of Common Pleas of Philadelphia County on September 30, 2011, as part of that Court's Paxil Pregnancy Mass Tort Program, In re Paxil Pregnancy Cases, February Term 2007, No. 3220 (Phila. Cnty. Court of Common Pleas). See Cammarota v. SmithKline Beecham Corp., Civ. A. No. 11-6642 (E.D. Pa. Oct. 24, 2011) (Notice of Removal ¶ 1). Defendant removed the case to this Court on October 24, 2011. Id. Plaintiffs filed a Motion to Remand to the Court of Common Pleas of Philadelphia County on October 26,

2011, on the ground that the removal was improper pursuant to 28 U.S.C. § 1441(b) because GSK, a Delaware limited liability company, has its principal place of business in Philadelphia and because GlaxoSmithKline Holdings (Americas) ("Holdings"), a Delaware corporation and GSK's sole member, has no corporate headquarters or nerve center in Delaware, making GSK a Pennsylvania citizen for purposes of subject matter jurisdiction.  See Cammarota, Civ. A. No. 11-6642 (E.D. Pa. Oct. 26, 2011) (Pl.'s Mem. in Support of Mot. to Remand at 2-3).  Judge Savage granted the Motion to Remand on December 14, 2011, and remanded this case to the Court of Common Pleas of Philadelphia County.  See Cammarota, Civ. A. No. 11-6642 (E.D. Pa. Dec. 14, 2011) (Order granting Motion to Remand).

On June 26, 2013, GSK removed this action for the second time, after the United States Court of Appeals for the Third Circuit determined, in an unrelated case, that both GSK and Holdings are citizens of Delaware.  See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 360 (3d Cir. 2013).  Plaintiffs moved to remand back to the Court of Common Pleas on the ground that this case, which commenced in September 2011, could not be removed on June 26, 2013 because of the one-year limitation on removal contained in the second paragraph of 28 U.S.C. § 1446(b).[1]  In deciding the Motion to Remand, we determined that the second paragraph of § 1446(b) provides the applicable procedure for Defendant's second removal of this matter,

---

[1] As we noted in our September 9, 2013 Memorandum, the 2011 amendments to § 1446 do not apply to this case.  See Cammarota ex rel. Hallock v. SmithKline Beecham Corp., Civ. A. No. 13-3677, 2013 WL 4787305, at *3 n.2 (E.D. Pa. Sept. 9, 2013).  Prior to the effective date of the 2011 amendments to § 1446, the second paragraph of § 1446(b) provided as follows:
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

2

because the case stated by the initial pleading was not removable at the time it was commenced in state court and because the Third Circuit's opinion and order in Johnson constitutes "an 'order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Cammarota ex rel. Hallock v. SmithKline Beecham Corp., Civ. A. No. 13-3677, 2013 WL 4787305, at *5 (E.D. Pa. Sept. 9, 2013) (quoting 28 U.S.C. § 1446(b)). We further determined that the one-year limitation on removals contained in the second paragraph of § 1446(b) applied, barring the removal of this action. Id. at *3, *8.

## II. LEGAL STANDARD

"The scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)). A motion for reconsideration will only be granted if the moving party establishes: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Id. (emphasis omitted) (quoting Howard Hess, 602 F.3d at 251). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997) (internal quotation omitted).

## III. DISCUSSION

Defendant argues that we should reconsider our order granting the Motion to Remand because it is based on a clear error of law. Defendant asserts that we erred as a matter of law in

connection with our conclusion that "for the purposes of § 1446(b), . . . the case stated by the initial pleading was not removable at the time it was commenced in state court." Cammarota, 2013 WL 4787305, at *3.  Defendant contends that we based this conclusion on two incorrect premises:  (1) that the case, as alleged in the Complaint, was not removable, and (2) that Judge Savage determined that this case was not removable and his determination is not reviewable.[2]

### A. The Removability of this Case as Pled in the Complaint

As we mentioned supra, we remanded this action because it was removed more than one year after it was commenced in state court, and thus after the expiration of the one-year limitation on removal contained in the second paragraph of § 1446(b).  The second paragraph of § 1446(b) only provides the applicable procedure for removal "[i]f the case stated by the initial pleading is not removable."  28 U.S.C.§ 1446(b).  Defendant argued in opposition to the Motion to Remand that its removal of this case was not subject to the one-year limitation on removal provided in the second paragraph of § 1446(b) because the case stated by the initial pleading was removable.  We disagreed, however, and determined that the case stated by the initial pleading was not removable.  Cammarota, 2013 WL 4787305, at *3.  Because the applicability of the second paragraph of § 1446(b) depends on whether the case stated by the initial pleading is

---

[2]Defendant also asks that we grant the motion for reconsideration and stay this case pending any ruling issued by the United States Court of Appeals for the Third Circuit in connection with the following two cases, in which the plaintiffs have sought certification for interlocutory appeal:  I.C., a minor, by Maria Pino and Thomas  Cintao, Guardians and Maria Pino and Thomas Cintao Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Civ. A. No. 13-3681 (E.D. Pa.), and M.N., a Minor, by Elaine Nieman, Guardian, and Elaine Nieman, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmith Kline, Civ. A. No. 13-3695 (E.D. Pa.).  However, the plaintiffs' Motions seeking certification for interlocutory appeal were denied in both of those cases on October 9, 2013.  See Cintao, Civ. A. No. 13-3681 (E.D. Pa. Oct. 9, 2013) (order denying motion to amend and certify order for interlocutory review); Nieman, Civ. A. No. 13-3695 (E.D. Pa. Oct. 9, 2013) (order denying motion to amend and certify order for interlocutory appeal).  Since those cases were not certified for interlocutory appeal, we deny the Motion as to this argument.

removable, one of the factors we considered in reaching this determination was the initial pleading in this case, Plaintiffs' 2011 Short-Form Complaint. The Short-Form Complaint was filed in the Court of Common Pleas of Philadelphia County and incorporated the General Master Long-Form Complaint filed in 2007 in the Paxil Pregnancy Mass Tort Program. Id.

Defendant now argues that we erred as a matter of law by relying on the allegations of both the Short-Form Complaint and the Long-Form Complaint to determine that the case was not "initially removable," because this court has "repeatedly rejected the argument that a plaintiff's allegations about a defendant's citizenship determine removability." (Def.'s Mem., Docket No. 43-2, at 3 (citing Speight v. Personnel Pool of America, Inc., Civ. A. No. 93-2055, 1993 WL 276859 (E.D. Pa. July 20, 1993)).[3] Indeed, Defendant argues that the question of whether a case is "initially removable" depends solely on whether "the defendant could have reasonably discovered the grounds for removal at the time it received the initial pleadings. (Id. at 4-6 (discussing Johnson v. National Consolidation Services, LLC, Civ. A. No. 12-5083, 2013 WL 638600 (E.D. Pa. Feb. 21, 2013), and LaCaffinie v. The Standard Fire Ins. Co., No. 10-207, 2010 WL 2207986 (W.D. Pa. May 28, 2010)). However, we did not base our conclusion regarding the applicability of the second paragraph of § 1446(b) solely on the initial pleading. While we looked at the allegations of Defendant's citizenship that were stated in the initial pleading, we also based our determination that this case was not initially removable on Judge Savage's holding that this case was not removable. Cammarota, 2013 WL 4787305, at *3 (citing Cammarota, Civ. A. No. 11-6642, Mem. Op. at 12 (E.D. Pa. Dec. 14, 2011) (additional citations

---

[3]Contrary to Defendant's argument, Speight does not hold that a plaintiff's allegations regarding the defendant's citizenship may not be considered in determining removability. Rather, Speight states that when a court is examining whether it has diversity jurisdiction over a removed case, it "is not limited to the plaintiff's complaint, but may instead look to the entire record." Speight, 1993 WL 276859, at *2 (citations omitted).

5

omitted)). Consequently, we conclude that Defendant has failed to establish that we committed a clear error of law by considering the allegations of the initial pleading in this case in determining whether the case stated by the initial pleading was removable. The Motion is, accordingly, denied as to this argument.

     B.    Judge Savage's Opinion

Defendant also argues that we erred as a matter of law in concluding that "'Judge Savage determined that this case was not removable, and that determination is not reviewable.'" (Def.'s Mem. at 7 (quoting Cammarota, 2013 WL 4787305, at *3).) Defendant posits that Judge Savage did not determine that this case was not removable, he only decided that this case should be remanded based on the forum defendant rule. Defendant's argument is based on its understanding that, according to the forum defendant rule, "a case can be both initial[ly] . . . removable under § 1446(b) and potentially subject to remand if the plaintiff timely invokes the forum-defendant rule." (Id. at 8 (internal quotation omitted) (alteration in original).) While Defendant correctly notes that the forum defendant rule is procedural and may be waived, see Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995), that does not mean that the forum defendant rule merely makes an otherwise removable case potentially subject to remand.[4]

---

[4]Defendant relies on Otero v. GlaxoSmithKline, PLC, Civ. A. No. 10-7163, 2011 WL 1399842 (E.D. Pa. Apr. 7, 2011), to support its argument that a case can be both removable pursuant to § 1446(b) and potentially subject to remand. Otero, however, does not support this proposition. GlaxoSmithKline removed Otero from the Court of Common Pleas of Philadelphia County based on the district court's diversity jurisdiction. Otero, 2011 WL 1399842, at *1. The plaintiffs moved to remand on the ground that both they and GlaxoSmithKline were Pennsylvania citizens. Id. The district court denied the motion to remand because the complaint alleged that the plaintiffs were citizens of Indiana. Id. The district court noted that Judge Savage had recently issued an opinion concluding that GlaxoSmithKline was a Pennsylvania citizen, but did not analyze whether the case should be remanded based on the forum defendant rule because the plaintiffs had not moved to remand on that basis. Id. at *2 (citing Brewer v. SmithKline

The forum defendant rule, 28 U.S.C. § 1441(b)(2), states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." We conclude that the plain language of § 1441(b)(2) thus provides that if one of the defendants is a citizen of the state in which the action was brought, the action is not removable, and we reject the Defendant's alternative construction of that statute.

Judge Savage did not decide that this case was removable but should be remanded because the Defendant is a Pennsylvania citizen. Judge Savage held, in his opinion analyzing the 2011 motion to remand, that Defendant's nerve center is in Pennsylvania and, therefore, that Defendant "cannot remove these actions from the Pennsylvania state court." Cammarota, Civ. A. No. 11-6642, Mem. Op. at 12 (E.D. Pa. Dec. 14, 2011). Therefore, we conclude, based on the language used by Judge Savage in his December 14, 2011 Memorandum Opinion, that he determined that this case was not removable. Judge Savage's determination is not reviewable. See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). We conclude that Defendant has failed to establish that we committed a clear error of law in reaching the conclusion that "Judge Savage determined that this case was not removable, and that determination is not reviewable." Cammarota, 2013 WL 4787305, at *3 (citations omitted).

---

Beecham Corp., 774 F. Supp. 2d 720 (E.D. Pa. 2011)). Thus, contrary to Defendant's argument, Otero does not hold that a case can be both initially removable pursuant to § 1446(b) and potentially subject to remand.

## IV. CONCLUSION

For the reasons stated above, we conclude that Defendant has failed to establish the need to correct a clear error of law in connection with our September 9, 2013 Memorandum and Order granting Plaintiffs' Motion to Remand this action to the Court of Common Pleas of Philadelphia County. Defendant has also failed to establish that manifest injustice would result from remanding this action to the Court of Common Pleas of Philadelphia County's Paxil Pregnancy Mass Tort Program. The Motion for Reconsideration is therefore denied. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.